**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

GARY HIDALGO CAMPOS, on behalf of himself and
other similarly situated individuals,

                              Plaintiffs,

                     -against-

R.J. DELIVERY SERVICES, INC., and JOSEPH
CAIN

                            Defendants.

--------------------------------------------------------------X

Civil Action No.:

**Complaint and Jury Demand**

FLSA Collective Action and
Rule 23 Class Action

Gary Hidalgo Campos ("Plaintiff"), on behalf of himself and all others similarly

situated, allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original federal question jurisdiction under 28 U.S.C. §1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims,

as they are so related in this action within such original jurisdiction that they form part of

the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in the

Eastern District of New York, and the acts and/or omissions giving rise to the claims herein

are alleged to have taken place in the Eastern District of New York.

## PARTIES

3.     Upon information and belief, Defendant R.J. Delivery Services, Inc. ("R.J.

Delivery Services") is a domestic business corporation with its principal office located at

Two Baker Lane, Levittown, New York, 11756.

4.    Upon information and belief, R.J. Delivery Services is conducting business in the County, City, and State of New York.

5.    Upon information and belief, R.J. Delivery Services has an annual gross income in excess of $500,000.

6.    Upon information and belief, Defendant Joseph Cain ("Cain") is the owner of R.J. Delivery Services.  Cain exercises significant control of R.J. Delivery Services' day to day operations.

7.    Cain is an "employer" of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

8.    All Defendants are hereinafter collectively referred to as "Defendants."

9.    Plaintiff Gary Hidalgo Campos was/is employed by Defendants as a mover/helper within the relevant limitations periods.

10.    This action arises out of Defendants' wrongful, illegal and tortious conduct within the State of New York.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.    Plaintiff brings the First Count for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons employed by Defendants in any mover/helper or warehouse position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.    At all times relevant herein, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' decisions, policies,

plans, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week. The claims of the named Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     Plaintiff is properly bringing the First Count for relief as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs by first class mail to the last address known to Defendants.

## Fed. R. Civ. P. 23 CLASS ALLEGATIONS

14.     Plaintiff brings the state law claims pursuant to the Fed. R. Civ. P. 23, on behalf of all non-exempt employees in any mover/helper or warehouse position that Defendants employed on or after the date that is six years before the filing of the Complaint (the "Class Period").

15.     All non-exempt movers, helpers, and warehouse employees, including Gary Hidalgo Campos, are referred to herein as the "Class Members."  The number, identity, hours assigned and worked, the positions held, and the rates of pay of the Class Members are readily ascertainable through Defendants' records.  For purposes of notice and other purposes related to this action, the names and addresses of the Class Members are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

16.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and this Court.  Although Defendants have sole control of the facts/documents necessary to calculate the precise number of Class Members, upon information and belief, the Class Members include more than twenty (20) individuals.

17.    Plaintiff's claims are typical of those claims, which could be alleged by any Class Member, and the relief sought is typical of the relief, which would be sought by each individual Class Member in separate actions.  All of the Class Members were subjected to Defendants' same corporate practices, as alleged herein, which include failing to pay overtime at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.  Defendants' company-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.  Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by an attorney who is experienced and competent in employment litigation and has previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.  Class action treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. Moreover, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not

named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class Members, including:

- Whether Defendants employed Plaintiff and the Class Members within the meaning of the New York Labor Law;

- Whether Defendants paid Plaintiff and the Class Members the federal and state minimum wage for all hours worked;

- At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

- Whether Defendants illegally failed to pay Plaintiff and the Class Members overtime at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week; and

- Whether Defendants provided Plaintiff and the Class Members with an Acknowledgment of Pay Day and Pay Rate pursuant to Section 195.1 of the NYLL.

**FACTS**

22.     Defendants committed the following alleged acts knowingly, intentionally, and willfully.

23.     Both federal and state labor laws provide that employees who work more than forty (40) hours a week must be paid at a rate of one and one-half times their regular lawful hourly rate.

24.     Defendants employed Plaintiff Gary Hidalgo Campos as a mover/helper from approximately 2011 through the present time.

25.     During his employment with Defendants, Plaintiff Gary Hidalgo Campos' primary duty was to help move and transport goods.

26.     Throughout his employment by Defendants, Plaintiff Gary Hidalgo Campos worked over forty hours each week without overtime pay.

27.     Between the commencement of his employment by Defendants through and continuing to the present date, Plaintiff Gary Hidalgo Campos worked more than fifty-four (54) hours each week.

28.     As an example, from Monday, April 16, 2018, through and including Sunday, April 22, 2018, Plaintiff Gary Hidalgo Campos worked a total of 55.20 hours. Despite working 15.20 hours of overtime, Plaintiff Gary Hidalgo Campos was paid a total of $650 for this particular week.  This equates to approximately $11.78 per hour.  See Time Sheet and pay check for the week of April 16, 2018 – April 22, 2018, attached as Exhibit A.  Accordingly, Plaintiff Gary Hidalgo Campos was not paid overtime at a rate of one and one half times his regular rate of pay for all hours that he worked in excess of forty (40) in this particular week.

29.   As another example, from Monday, April 23, 2018, through and including Sunday, April 29, 2018, Plaintiff Gary Hidalgo Campos worked a total of 54.75 hours. Despite working 14.75 hours of overtime, Plaintiff Gary Hidalgo Campos was paid a total of $600 for this particular week.  This equates to approximately $10.96 per hour.  See Time Sheet and pay check for the week of April 23, 2018 – April 29, 2018, attached as Exhibit B.   Accordingly, Plaintiff Gary Hidalgo Campos was not paid overtime at a rate of one

and one half times his regular rate of pay for all hours that he worked in excess of forty (40) in this particular week.

30.   As another example, from Monday, April 30, 2018, through and including Sunday, May 6, 2018, Plaintiff Gary Hidalgo Campos worked a total of 58.72 hours. Despite working 18.72 hours of overtime, Plaintiff Gary Hidalgo Campos was paid a total of $700 for this particular week.  This equates to approximately $11.92 per hour.  See Time Sheet and pay check for the week of April 30, 2018 – May 6, 2018, attached as Exhibit C. Accordingly, Plaintiff Gary Hidalgo Campos was not paid overtime at a rate of one and one half times his regular rate of pay for all hours that he worked in excess of forty (40) in this particular week.

31.   As another example, from Monday, May 7, 2018, through and including Sunday, May 13, 2018, Plaintiff Gary Hidalgo Campos worked a total of 59.37 hours. Despite working 19.37 hours of overtime, Plaintiff Gary Hidalgo Campos was paid a total of $700 for this particular week.  This equates to approximately $11.79 per hour.  See Time Sheet and pay check for the week of May 7, 2018 – May 13, 2018, attached as Exhibit D. Accordingly, Plaintiff Gary Hidalgo Campos was not paid overtime at a rate of one and one half times his regular rate of pay for all hours that he worked in excess of forty (40) in this particular week.

32.   Defendants never paid Plaintiff Gary Hidalgo Campos overtime premiums at a rate of one and one-half times his regular hourly rate for the hours he worked over forty (40) in any work week.

33.     Defendants also never paid the other FLSA Collective Plaintiffs and Class Members overtime premiums at a rate of one and one-half times their regular hourly rate for the hours they worked over forty (40) in any work week.

34.     Defendants knew they were violating federal and state laws and economically injuring Plaintiff Gary Hidalgo Campos and the other FLSA Collective Plaintiffs and Class Members by failing to pay them overtime compensation at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) each week.

35.     Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and Class Members overtime at a rate of one and one-half times their regularly hourly rate for all hours worked in excess of forty (40) each week.

36.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and Class Members.

37.     Defendants also never provided the Plaintiff, the FLSA Collective Plaintiffs, and Class Members with an Acknowledgment of Pay Day and Pay Rate pursuant to Section 195.1 of the NYLL.

### AS AND FOR A FIRST COUNT
***(FLSA Claims, 29 U.S.C. § 201, et seq.,***
***Brought by Plaintiff on Behalf of***
***himself and the FLSA Collective Plaintiffs)***

38.     Plaintiff on behalf of himself and the FLSA Collective Plaintiffs repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "37" inclusive with the same force and effect as if fully set forth at length herein.

39.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §203.

40.     At all relevant times, Defendants have employed, "employees," including Plaintiff and each of the FLSA Collective Plaintiffs and Class Members.

41.     Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs and Class Members at a rate of one and one-half times their regular lawful hourly rate for each hour they worked in excess of forty hours per week.

42.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Class Members, seeks damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND COUNT**
*(New York Labor Law Article*
*Brought by Plaintiff on Behalf of himself and the Class)*

43.     Plaintiff on behalf of himself and the FLSA Collective Plaintiffs and Class Members repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "37" inclusive with the same force and effect as if fully set forth at length herein.

44.     Pursuant to New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor, Plaintiff and the FLSA Collective Plaintiffs and Class Members were entitled to overtime wages.

45.     Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs and Class Members at a rate of one and one-half times their regular hourly rate for each hour they worked in excess of forty per week.

46.     Defendants' failure to pay Plaintiff and the FLSA Plaintiffs and Class Members overtime compensation was willful within the meaning of New York Labor Law.

47.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Plaintiffs and Class Members are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees, as provided by New York Labor Law.

### AS AND FOR A THIRD COUNT
*(New York Labor Law Article 195(1)*
*Brought by Plaintiff on Behalf of*
*himself and the Class)*

48.     Plaintiff on behalf of himself and the FLSA Plaintiffs and Class Members repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "37" inclusive with the same force and effect as if fully set forth at length herein.

49.     Defendants failed to provide Plaintiff and the FLSA Plaintiffs and Class Members with a written notice of their rate of pay, regular pay date, and such other information as is required by NYLL § 195(1).

50.     Defendants are liable to the Plaintiff and to all FLSA Plaintiffs and Class Members in the amount of $2,500 (two thousand five hundred dollars) each, together with reasonable attorneys' fees, disbursements, and costs.

**WHEREFORE,** Plaintiff demands the following relief:

a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b) Designation of Plaintiff Gary Hidalgo Campos as Representative of the FLSA Collective Plaintiffs;

c) Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

d) Designation of Plaintiff Gary Hidalgo Campos as Representative of the Class;

e) Designation of Corey Stark PLLC as Class Counsel;

f) On the First Count of the complaint under the FLSA, against all Defendants jointly and severally, awarding Plaintiff and the FLSA Plaintiffs and Class Members damages for unpaid overtime premium pay, liquidated damages in the amount of 100% of their unpaid overtime premium pay, reasonable attorneys' fees and disbursements, costs, and post-judgment interest;

g) On the Second Count of the complaint under the NYLL, against all Defendants jointly and severally, awarding Plaintiff and the FLSA Plaintiffs and Class Members damages for unpaid overtime premium pay, liquidated damages in the amount of 100% of their unpaid overtime premium pay, under NYLL §§ 198(1-a) and 663(1), costs, reasonable attorneys' fees and disbursements under NYLL §§ 198(1-a) and 663(4), pre-judgment and post-judgment interest;

h) On the Third Count of the complaint for violation of NYLL § 195(1) for $2,500 each against Defendants R.J. Delivery Services and Cain for the Plaintiff and every other FLSA Plaintiff and Class Member, plus reasonable attorneys' fees, costs, pre-judgment and post-judgment interest;

i) Penalties available under applicable laws; and

j) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

COREY STARK PLLC

By: Corey Stark (CS-3897)
*Attorney for Plaintiff, Proposed FLSA*
*Collective Plaintiffs and the Proposed Class*
110 East 59th Street, 22nd Floor
New York, New York  10022
(212) 324-3705

**JURY DEMAND**

Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
        July 11, 2018

                                        COREY STARK PLLC


                                        By: Corey Stark (CS-3897)
                                        *Attorney for Plaintiff, Proposed FLSA*
                                        *Collective Plaintiffs and the Proposed Class*
                                        110 East 59th Street, 22nd Floor
                                        New York, New York 10022
                                        (212) 324-3705



4/23/2018 11:00:47 AM

Time Sheet - from Monday, April 16, 2018 to Sunday, April 22, 2018

x Hidalgo Gary    Id 31    PIN 31    Dept 1 RJ

Total Reg 40.00                          Total OT 15.20

(Week of 20180416)            Reg  40.00        OT 15.20

| | | | | | |
|---|---|---|---|---|---|
| Mon | 4/16/2018 | 7:29 AM | In | | |
| Mon | 4/16/2018 | 5:25 PM | | Out | 9.93 |
| Tue | 4/17/2018 | 7:10 AM | In | | |
| Tue | 4/17/2018 | 6:25 PM | | Out | 11.25 |
| Wed | 4/18/2018 | 7:13 AM | In | | |
| Wed | 4/18/2018 | 6:32 PM | | Out | 11.32 |
| Thu | 4/19/2018 | 7:57 AM | In | | |
| Thu | 4/19/2018 | 8:08 PM | | Out | 12.18 |
| Fri | 4/20/2018 | 7:51 AM | In | | |
| Fri | 4/20/2018 | 6:22 PM | | Out | 10.52 |
| Sat | 4/21/2018 | | Abs | | 0.00 |
| Sun | 4/22/2018 | | Abs | | 0.00 |





**R. J. DELIVERY SERVICES, INC.**
PO BOX 932
LEVITTOWN, NEW YORK 11756

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com
1-2/210

19957

4-22-18

PAY TO THE
ORDER OF _Gary Harris_                                          $ 650.00

_Six Hundred & Fifty_ ——————————————— DOLLARS

MEMO                                    AUTHORIZED SIGNATURE

⑈019957⑈ ⑆021000021⑈   342112977⑆

*R. J. DELIVERY SERVICES, INC.*                              19957

B

4/30/2018 11:40:54 AM

x Hidalgo Gary    Id 31   PIN 31   Dept 1 RJ

**Time Sheet - from Monday, April 23, 2018 to Sunday, April 29, 2018**

Total Reg 40.00
(Week of 20180423)

Total OT 14.75

| | | | | |
|---|---|---|---|---|
| Mon  4/23/2018 | | Reg  40.00 | OT  14.75 | |
| Mon  4/23/2018 | 7:51 AM | In | | |
| Tue  4/24/2018 | 6:38 PM | | Out  10.78 | |
| Tue  4/24/2018 | 7:19 AM | In | | |
| Wed  4/25/2018 | 5:30 PM | | Out  10.18 | |
| Wed  4/25/2018 | 7:40 AM | In | | |
| Thu  4/26/2018 | 6:22 PM | | Out  10.70 | |
| Thu  4/26/2018 | 8:16 AM | In | | |
| Fri  4/27/2018 | 6:17 PM | | Out  10.02 | |
| Fri  4/27/2018 | 7:51 AM | In | | |
| Sat  4/28/2018 | 8:55 PM | | Out  13.07 | |
| Sun  4/29/2018 | | Abs  0.00 | | |
| | | Abs  0.00 | | |



C

5/7/2018 2:31:59 PM

### Time Sheet - from Monday, April 30, 2018 to Sunday, May 6, 2018

x Hidalgo Gary   Id 31   PIN 31   Dept 1 RJ

Total Reg 40.00

(Week of 20180430)

| | | | Reg 40.00 | | OT 18.72 | | Total OT 18.72 |
|---|---|---|---|---|---|---|---|
| Mon | 4/30/2018 | 7:39 AM | | In | | | |
| Mon | 4/30/2018 | 6:14 PM | | | Out | 10.58 | |
| Tue | 5/1/2018 | 7:51 AM | | In | | | |
| Tue | 5/1/2018 | 8:40 PM | | | Out | 12.82 | |
| Wed | 5/2/2018 | 8:05 AM | | In | | | |
| Wed | 5/2/2018 | 6:45 PM | | | Out | 10.67 | |
| Thu | 5/3/2018 | 8:11 AM | | In | | | |
| Thu | 5/3/2018 | 7:15 PM | | | Out | 11.07 | |
| Fri | 5/4/2018 | 7:10 AM | | In | | | |
| Fri | 5/4/2018 | 8:45 PM | | | Out | 13.58 | |
| Sat | 5/5/2018 | | | | Abs | 0.00 | |
| Sun | 5/6/2018 | | | | Abs | 0.00 | |





R. J. DELIVERY SERVICES, INC.
PO BOX 932
LEVITTOWN, NEW YORK 11756

PAY TO THE
ORDER OF _____

Seven Gmy Hildgco
Pundred

CHASE
JPMorgan Chase Bank, N.A.
www.Chase.com
1-2/210

19983

5/11/18

$ 700.00

MEMO _____

DOLLARS

⑆①⑈①⑈⑊⑉③⑈  ⑆①②①⑈⑈①⑈②⑆①⑈

AUTHORIZED SIGNATURE

④⑈②①①②⑈⑆⑈⑈⑈

DELIVERY SERVICES, INC.

19983

S, INC.

# D



5/14/2018 12:48:13 PM

Time Sheet - from Monday, May 7, 2018 to Sunday, May 13, 2018

x Hidalgo Gary    Id 31    PIN 31    Dept 1 RJ
Total Reg 40.00
(Week of 20180507)

| | | Reg 40.00 | | Total OT 19.37 |
|---|---|---|---|---|
| Mon | 5/7/2018 | | OT 19.37 | |
| Mon | 5/7/2018 | 7:27 AM | In | |
| Tue | 5/8/2018 | 6:44 PM | | Out 11.28 |
| Tue | 5/8/2018 | 7:11 AM | In | |
| Wed | 5/9/2018 | 7:33 PM | | Out 12.37 |
| Wed | 5/9/2018 | 7:30 AM | In | |
| Thu | 5/10/2018 | 7:28 PM | | Out 11.97 |
| Thu | 5/10/2018 | 7:32 AM | In | |
| Fri | 5/11/2018 | 6:41 PM | | Out 11.15 |
| Fri | 5/11/2018 | 7:12 AM | In | |
| Sat | 5/12/2018 | 7:48 PM | | Out 12.60 |
| Sun | 5/13/2018 | | Abs 0.00 | |
| | | | Abs 0.00 | |

MEMO

R. J. DE

